# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JEROME JULIUS WEEKS, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0393-TWT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-0887-TWT-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the

opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 14th day of May, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JEROME JULIUS WEEKS, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0393-TWT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-0887-TWT-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Jerome Julius Weeks' pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 107]. For the following reasons, the undersigned **RECOMMENDS** that Weeks' § 2255 motion be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

**I. PROCEDURAL HISTORY**

A federal grand jury in the Northern District of Georgia returned a four-count superseding indictment charging Weeks in Count One with being a felon in possession

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) and 3147(1); in Count Two with being a fugitive from justice in possession of a firearm, in violation of §§ 922(g)(2), 924(a)(2) and 3147(1); and in Counts Three and Four with making false statements on applications for firearms, in violation of § 924(a)(1)(A). [Doc. 24]. Weeks pleaded not guilty, waived his right to a jury trial, and agreed to be tried on stipulated facts. [Docs. 28, 71-72]. The government and Weeks jointly filed a stipulation of facts. [Doc. 74]. The Court dismissed Count Two and convicted Weeks of the remaining counts. [See "Oral Court Verdict" at docket entry dated 11/09/2009]. At the sentencing hearing, the Court found that Weeks qualified "for the armed career criminal enhancement based on the two drug charges for distributing cocaine and for the assault and battery charge and for the resisting arrest charge." [Doc. 96 at 35]. The Court then determined that Weeks' guideline range was 188 to 235 months and imposed a total sentence of 235 months of imprisonment. [Id. at 39, 56; Doc. 83].

On direct appeal, Weeks argued that: (1) the district court erred in denying his motion to suppress the weapons and ammunition seized during the search of his apartment; (2) the district court erred in determining that he qualified for an armed career criminal enhancement; and (3) his sentence was substantively unreasonable. Br. of Appellant, United States v. Weeks, No. 10-11087, 2010 WL 2936347, at *16-57 (11th Cir. July 8, 2010). The United States Court of Appeals for the Eleventh Circuit

affirmed Weeks' convictions and sentence on September 29, 2011, and the United States Supreme Court denied Weeks' petition for writ of certiorari on April 2, 2012. United States v. Weeks, 442 F. App'x 447, 457 (11th Cir. 2011), cert. denied, 132 S. Ct. 1858 (2012).

On March 19, 2013, Weeks timely filed the instant pro se § 2255 motion, arguing that the district court improperly sentenced him as an armed career criminal in violation of the constitution because his two prior Massachusetts drug convictions did not qualify as "serious drug offenses" and his prior Massachusetts assault and battery conviction did not qualify as a "violent felony." [Doc. 107 at 4-12]. Weeks acknowledges that this ground for relief was raised and rejected on direct appeal, but asserts that the Supreme Court's rulings in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) and United States v. Rodriquez, 553 U.S. 377 (2008) "call[] into question" the Eleventh Circuit's decision. [Id. at 4].

## II. DISCUSSION

### A. General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

3

collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

**B.   Armed Career Criminal Enhancement**

On direct appeal, the Eleventh Circuit rejected Weeks' challenge to his armed career criminal sentence, noting that the Armed Career Criminal Act ("the Act"), 18 U.S.C. § 924(e)(1), applies "if the defendant has three previous convictions for violent felonies or serious drug offenses." Weeks, 442 F. App'x at 454. "The district court classified Weeks as an armed career criminal on the basis of four convictions under Massachusetts law: an assault and battery conviction from 1999; a conviction for distributing cocaine in 2000; a conviction for possession with intent to distribute cocaine in 2001; and a conviction for resisting arrest and disorderly conduct in 2003."

4

Id. The Eleventh Circuit found that Weeks' two prior drug convictions were "serious drug offenses" within the meaning of the Act and that his conviction for resisting arrest qualified as a "violent felony" under the Act. Id. at 454-56. Because the Eleventh Circuit determined that the district court correctly applied the enhancement based on those three prior convictions, it declined to address whether Weeks' prior assault and battery conviction qualified as a "violent felony" under the Act. Id. at 456.

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted). This includes claims that movant has "merely re-characterized" because "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." Id. (citation omitted). Because the Eleventh Circuit rejected Weeks' challenge to his armed career criminal sentence, it is barred from collateral review. Id. (citation omitted). Regarding Weeks' argument that the Supreme Court's rulings in Carachuri-Rosendo and Rodriquez call into question the Eleventh Circuit's decision, the Court notes that Weeks cited Rodriquez in his appellate brief and that Carachuri-Rosendo was decided on June 14, 2010, before that brief was filed on July 8, 2010. See Br. of Appellant, Weeks, 2010 WL 2936347, at *43. Weeks presents no argument in his § 2255 motion that could not have been raised on direct appeal. Thus, the Eleventh Circuit's rejection of Weeks' challenge to his

5

armed career criminal sentence bars this Court from reconsidering it.[2] See Nyhuis, 211 F.3d at 1343.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing

---

[2] Even though the Eleventh Circuit did not address whether Weeks' prior assault and battery conviction qualified as a "violent felony" under the Act, this Court need not address that issue either because, as the Eleventh Circuit found, Weeks otherwise qualified for an armed career criminal enhancement based on his prior conviction for resisting arrest and two prior drug convictions. Weeks, 442 F. App'x at 454-56.

6

discussion of Weeks' grounds for relief, the resolution of the issue presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 107], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 14th day of May, 2013.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

7

AO 72A
(Rev.8/82)